Motion DENIED.

This the 19th day of November, 2015 .

/s/Louise W. Flanagan, U.S. District Judge

FILED

OCT 22 2015

JULIE RICHARDS JOHNSTON, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.:4:08-cr-58-1FL |
| Plaintiff, | ) | MOTION TO RECONSIDER DENIAL |
| v. | ) | OF DEFENDANT'S MOTION |
| TORRENCE DEVON APPLEWHITE, | ) | FOR REDUCTION IN SENTENCE |
| Defendant. | ) | (FED.R.CIV.P. 59(e)) |

## RELIEF SOUGHT

COMES NOW, DEFENDANT TORRENCE DEVON APPLEWHITE, pro se, and respectfully moves this Honorable Court to reconsider the denial order of his motion pursuant to 18 U.S.C. § 3582 based on a misapprehension of the law and US Sentencing Guidelines applicable to his case.

## JURISDICTION

Pursuant to Federal Rule of Civil Procedure 59(e), a federal district court has the authority to reconsider and amend a previous order when a petitioner requests it to do so within 28 days of the order and presents it with at least one of three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. NASCAR, 674 F.3d 369, 378 (4th Cir. 2012).

## PROCEDURAL POSTURE

The District Court denied Defendant's Motion To Reduce Sentence Pursuant to Title 18 United States Code Section 3582(c)(2) on October 8, 2015 stating as its reason for denial that "The defendant was sentenced at the statutory minimum and that minimum did not change as a result of the retroactive amendment and was not mitigated by a substantial assistance motion filed pursuant to 18 U.S.C. § 3553(e)." Because this reasoning overlooks or misapprehends that the Court did not have the authority to grant Defendant a reduction in sentence in light of US Sentencing Commission Amendment 782,