IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:08-CR-58-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| TORRENCE DEVON APPLEWHITE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for reduction of sentence pursuant to the First Step Act of 2018, (DE 67). The motion was fully briefed and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On March 16, 2009, defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute at least 50 grams of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (count one); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (count six). The court held defendant's sentencing hearing on July 10, 2009. Under the Guidelines' relevant conduct rules, the court found defendant was responsible for distributing 2,310 grams of cocaine base and 19,060 grams of cocaine. Defendant's advisory Guidelines range, after all enhancements and reductions, was 235 to 293 months' imprisonment on count one, to be followed by a consecutive sentence of 60 months' imprisonment on count six. The court sentenced defendant to 120 months' imprisonment on count one and a consecutive term of 60 months' imprisonment on count six. The sentence represented the statutory mandatory minimums on both counts of conviction.

Defendant filed the instant motion to reduce sentence pursuant to the First Step Act on August 8, 2019. The government opposes defendant's motion.

**COURT'S DISCUSSION**

On August 3, 2010, Congress enacted and the President signed into law the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for [cocaine base] trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." Dorsey v. United States, 567 U.S. 260, 269 (2012) (citing Fair Sentencing Act § 2(a), 124 Stat. at 2372). The statute also eliminated the mandatory minimum sentence for possession of a quantity of cocaine base. Fair Sentencing Act § 3, 124 Stat. at 2372. The Fair Sentencing Act, however, did not apply retroactively to defendants sentenced before August 3, 2010. See United States v. Black, 737 F.3d 280, 287 (4th Cir. 2013); United States v. Bullard, 645 F.3d 237, 249 (4th Cir. 2011).

The First Step Act of 2018 ("First Step Act") makes the provisions of the Fair Sentencing Act described above retroactively applicable to defendants sentenced before August 3, 2010. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222; United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020). Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b). The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a).

The court has discretion to deny relief under the Act even if the defendant meets the eligibility criteria. Id. § 404(c). Finally, the court may not impose a reduced sentence for defendants whose sentences previously were imposed or reduced in accordance with the Fair Sentencing Act, or if the defendant previously moved for relief under the First Step Act and the court denied motion on the merits. Id.

Here, although defendant technically is eligible for relief, the court lacks authority to reduce defendant's sentence on count one below 120 months' imprisonment. As noted above, defendant pleaded guilty to distributing more than 5 kilograms of powder cocaine, an offense that carries a mandatory minimum penalty of 120 months' imprisonment even after passage of the Fair Sentencing Act. See 21 U.S.C. § 841(b)(1)(A); Gravatt, 953 F.3d at 263 (explaining the Fair Sentencing Act did not amend the penalties for powder cocaine offenses). Because defendant was sentenced to the mandatory minimum applicable to conspiracy to distribute more than five kilograms of cocaine base, and in the absence of a motion under 18 U.S.C. § 3553(e), the court is without authority to impose a reduced sentence. See Gravatt, 953 at 264 n.5.

## CONCLUSION

Based on the foregoing, the court DENIES defendant's motion to reduce sentence, (DE 67).

SO ORDERED, this the 21st day of May, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge